UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WILLIAM LEE GRANT, II,

    Plaintiff,

v.                                                        Case No. 19-C-1695

CENTRAL INTELLIGENCE AGENCY, et al.,

    Defendants.

## SCREENING ORDER

Plaintiff William Lee Grant, II filed a *pro se* complaint against the Central Intelligence Agency and Special Collection Service. This matter comes before the court on Plaintiff's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Plaintiff, a non-prisoner, has filed a motion to proceed without prepaying the filing fee. Dkt. No. 2. A review of this information reveals that Plaintiff owes significant debts and states that his only income is $192.00 per month from the federal Supplemental Nutrition Assistance Program. *Id*. The court finds he is indigent and unable to pay the filing fee. Therefore, the court grants Plaintiff's motion to proceed without prepayment of the filing fee.

### SCREENING OF THE COMPLAINT

The court has a duty to review the complaint and dismiss the case if it appears that the complaint fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B); *Hoskins v. Polestra*, 320 F.3d 761, 763 (7th Cir. 2003). In screening a complaint, I must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least

plausible claims for which relief may be granted. A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The plaintiff's statements must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley*, 355 U.S. at 47). However, a complaint that offers "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations omitted). The court is obliged to give the plaintiff's *pro se* allegations, however inartfully pleaded, a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

The court must dismiss a complaint or portion thereof if the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C.

§ 1915A(e)(2)(B); *see also Holland v. City of Gary*, 503 F. App'x 476, 477 (7th Cir. 2013) ("[A] dismissal for frivolousness under § 1915 (the IFP statute) does not require a judge to accept fantastic or delusional factual allegations."). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). Factual frivolousness comprises allegations that are "fanciful," "fantastic," and "delusional." *Denton*, 504 at 33 (citing *Neitzke*, 490 U.S. at 324–28). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id*.

Plaintiff's complaint collects an assortment of at least 100 accusations, assertions, and allegations. Many of these concern events and facts entirely unrelated to Plaintiff or to one another. Among Plaintiff's various allegations are assertions that President Ronald Reagan directed the Secretary of Defense to create Plaintiff to predict future nuclear attacks, Courtney Love killed Kurt Cobain, Plaintiff was forced to stab a Doctor Bill Gant (to prevent the Department of Defense from ordering the Doctor's assassination), the Central Intelligence Agency killed John F. Kennedy, Plaintiff was "set-up" for a DUI charge to strip his driver's licence, Prince Philip ordered the assassination of Princess Diana, Plaintiff's dentists and orthodontist were directed by a third party to drill the enamel off Plaintiff's teeth, Plaintiff was retaliated against for filing an ethics and civil rights complaint with the State of Illinois, and the Illinois Governor's office failed to add Plaintiff to the payroll after he transferred there from the Illinois Department of Transportation. Plaintiff claims his civil rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution were violated. He seeks $99 trillion dollars in damages. Plaintiff states that he

has brought his allegations to twenty-one (21) federal courts; he attaches a decision from the United States District Court for the District of Utah, Central Division to his complaint, which rejected the claims Plaintiff brought before that court as frivolous.

Plaintiff's lawsuit is plainly frivolous and is hereby summarily dismissed with prejudice. His assertions are delusional and fantastical, ranging from personal infringements to vast government conspiracies and grievances. Many are conclusory allegations that do not allege when or how the event occurred. Others are made against parties who are not named as defendants (and, even if named, the complaint would violate Fed. R. Civ. P. 20(a)(1)(A) for asserting claims against multiple Defendants arising from unrelated occurrences). In sum, Plaintiff has filed a legally and factually frivolous complaint that fails to plausibly establish any basis for relief.

Not only is Plaintiff's complaint summarily dismissed, but the court further certifies that any appeal would not be taken in good faith. *See Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000). Accordingly, should he seek leave to appeal in forma pauperis, his request to do so is denied. The Clerk is directed to enter judgment forthwith.

**SO ORDERED** at Green Bay, Wisconsin, this  22nd  day of November, 2019.

                                          s/ William C. Griesbach
                                          William C. Griesbach, District Judge
                                          United States District Court